```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

COLLEEN MARIE HARDACRE,            )
     Plaintiff,                    )
                                   )
     v.                            )    C.A. No. 05-10542-MLW
                                   )
FEDERAL BUREAU OF INVESTIGATION    )
and U.S. DEPARTMENT OF JUSTICE,    )
     Defendants.                   )
```

                                ORDER

WOLF, D.J.                                          April 12, 2005

     On March 22, 2005, plaintiff Colleen M. Hardacre filed a Motion for Temporary Restraining Order (Dkt. 2), a Motion for Appointment of Counsel (Dkt. 3), and a fifty-seven page complaint accompanied by exhibits (Dkt. 1).

     Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671. Compl., p. 1. The complaint alleges that the FBI has harassed the plaintiff for the past ten yeares and caused "extensive mental and physical damage which were not appropriate or legal for any crime committed." Id. at p. 2. The complaint further alleges that "The FBI surrounds you in illusions and trains you to fear and provoke respond [sic] to them....You then fight with them, parroting whatever they feel like making you say and they tape it." Id. at p. 9.

     Plaintiff's Motion for Temporary Restraining Order seeks to have this Court enjoin the defendants from continuing the alleged wrongs enumerated in her complaint.

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) she will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) she is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four-part preliminary injunction test to temporary restraining orders). Preliminary injunctions may not be issued without notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). To warrant the more extraordinary relief of an ex parte temporary restraining order, plaintiff must demonstrate that her injury or loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

Because plaintiff has not alleged sufficient facts demonstrating a likelihood of success on the merits, her motion is denied.

Plaintiff's Motion for Appointment of Counsel (Dkt. 3) is also denied. As the First Circuit has noted, "There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The plaintiff has not filed an in forma pauperis petition indicating financial eligibility for the appointment of counsel pursuant to 28 U.S.C.

§1915(e)(1), and even if she had, such appointments are exceedingly rare.

Based upon the foregoing, its is hereby ORDERED that

1. Plaintiff's Motion for Temporary Restraining Order (Dkt. 2) is DENIED and

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 3) is DENIED.

                                        /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE