UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLLEEN HARDACRE,<br>    Plaintiff,<br><br>V.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>and UNITED STATES DEPARTMENT OF<br>JUSTICE,<br>    Defendants. | Civil Action<br>No. 05-10542-MLW |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The defendants respectfully request that this Court dismiss the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**BACKGROUND**

The plaintiff, Colleen Hardacre, filed a civil suit against the Federal Bureau of Investigation ("FBI") and Department of Justice ("DOJ") on March 16, 2004, in the United States District Court for the District of Massachusetts.[1]  That first complaint, consisting of 132 pages plus approximately 240 pages of attachments, contained many rambling, incomprehensible allegations.  Approximately 70 pages alleged that the FBI pumped adrenaline into the plaintiff's body, causing "tugging" and "strangling" in various parts of her body.  The plaintiff also alleged, *inter alia*, that the FBI infiltrated the offices of all the doctors she consulted for treatment (1st Compl., p. 99),

---

[1] Civil Action No. 04-10554-MLW.

falsely accused her of child molestation (<u>Id.</u> at p. 106), followed her with Tim McVeigh lookalikes (<u>Id.</u>), caused her grandmother to have a stroke (<u>Id.</u> at p. 112), and chased her around with a mail truck (<u>Id.</u> at Exhibit B). She alleged that these actions continued for approximately nine years (<u>Id.</u> at p. 2-3), during which she was "provoked . . . about 17 million times and ways." <u>Id.</u> at p. 87.

The complaint also alleged that the plaintiff's father "supposedly" was on United Airlines Flight 175 on September 11, 2001, and that "the deluded, pathetic FBI caused this." <u>Id.</u> at p. 111. The plaintiff, however, did not claim that her father died on that flight. Rather, the plaintiff claimed that "the FBI is hiding my father as a ploy to coerce tape & make me unable to report their bodily harm as I was complaining about this to him regularly." <u>Id.</u> at p. 112. In addition to unspecified damages, the plaintiff sought a temporary restraining order enjoining the defendants from continuing these alleged wrongs. <u>See</u> Docket Entry 3 for the 1st Compl.

On March 29, 2004, the Court denied the plaintiff's Motion for Temporary Restraining Order and dismissed the complaint *sua sponte* on several grounds, one of which was the plaintiff's failure to file an administrative claim prior to filing her civil suit. <u>See</u> Docket Entry 8 for the 1st Compl.

The plaintiff subsequently filed an administrative claim

2

with the FBI, dated April 19, 2004, claiming $500 million in damages.² The claim described allegations similar to those in the civil suit and she submitted her civil complaint as an attachment to the administrative claim and referenced the allegations therein. On the SF-95, in the space designed for damages arising from "wrongful death," the plaintiff wrote: "dad 9/11/01."

By letter dated October 16, 2004, the FBI denied the plaintiff's administrative claim. See Docket Entry 3 for the 2nd Compl., Exhibit A to Plaintiff's "Motion for Appointment of Counsel."

The plaintiff filed the instant complaint along with a motion for temporary restraining order and motion for appointment of counsel, on or about March 22, 2005. By Order dated April 12, 2005, the Court denied the plaintiff's motion for temporary restraining order and motion for appointment of counsel. See Docket Entry 5. The plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671. 2nd Compl. at p.1.

The instant complaint contains 57 pages, in addition to approximately 325 pages of exhibits. It contains many of the same rambling, incomprehensible allegations contained in the

---

²A copy of the administrative claim is attached as Exhibit 1.

plaintiff's first civil suit. The plaintiff alleges that the FBI, *inter alia*, chased her with "fire trucks, postal trucks, blaring sirens, unabomber lookalikes and Timothy McVeigh lookalikes" (Id. at p. 6); disabled her from working with "provoke response adrenaline" (Id. at pp. 7, 18-19); chased her around her apartment with stomping noise (Id. at p. 7); obstructed her sex drive by implying that she molested children (Id. at pp. 14-15); prevented her from finding an apartment in which to live (Id. at pp. 39-40); and controlled TV, radio, and commercials (Id. at p.43).

The plaintiff does not name a specified amount in damages in her complaint, however, she wrote in $500,000,000.00 on her administrative claim. Her allegations date back at least to 1995 (Id. at pp. 4-5), and, with the exception of one initial reference to the Federal Tort Claims Act (Id. at p.1), she provides no distinct claims against the FBI.

In support of her complaint, the plaintiff states the following:

> The Plaintiff is trying to portray an accurate depiction of the grossly negligent actions in first violating my life with false deductions + excuses that are not based on science or criminal truth, and secondly their willful blindness and amnesia to their own tactics + the science consequences of them which have extensively harmed my body with adrenaline. My pelvis muscles + bladder have been damaged - even torn because of provoke response adrenaline due to agent fight, noise + fear tactic.

Compl. p. 2.

**ARGUMENT**

**I.  Standard of Review for a Motion to Dismiss**

A motion to dismiss challenges the sufficiency of the complaint without being subjected to discovery or other costly and time-consuming proceedings. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). As is customary, the factual allegations of a complaint are taken as true. E.g., Edwards v. John Hancock Mutual Life Insurance Co., 973 F.2d 1027, 1028 (1st Cir. 1992); Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); McDonald v. Commonwealth of Massachusetts, 901 F. Supp. 471, 475 (D. Mass. 1995).

The complaint of a *pro se* plaintiff should be read with an indulgent, and not a hypercritical, eye. Haines v. Kerner, 404 U.S. 519, 520 (1972). But, "a petitioner who elects to proceed *pro se* must comply with the applicable procedural and substantive rules of law." Lefebre v. C.I.R., 830 F.2d 417, 419 (1st Cir 1987).

**II. The Complaint Should be Dismissed As Frivolous**

The complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it is frivolous. A frivolous action is one that "lacks an arguable basis in law or in fact, one that contains either "inarguable" legal conclusions or "clearly baseless," "fanciful," or "delusional"  factual

allegations.  <u>Nietzke v. Williams</u>, 490 U.S. 319, 325, 327-329 (1989); <u>see</u> <u>also</u> <u>Wyatt v. Boston</u>, 35 F.3d 13, 15 (1st Cir. 1994)(citing cases where dismissal is warranted if it is "patently obvious" that plaintiff could not prevail).  The Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit."  <u>Hagans v. Lavine</u>, 415 U.S. 528, 536 (1974).  Here, the complaint fails to allege any facts that would substantiate the plaintiff's allegations against the defendants.  As such, the complaint is "patently insubstantial" and should be additionally dismissed for "want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."  <u>Neitzke v. Williams</u>, 490 U.S. at 327 n.6; <u>see</u> <u>also</u> <u>Bell v. Hood</u>, 327 U.S. 678, 683 (1946) (An action may be dismissed under Rule 12(b)(1) if the claims made are "wholly insubstantial and frivolous.").

   The Courts have been keenly aware that allegations such as the plaintiff's should not be used to disrupt the effective functioning of the government by engaging the time and concerns of federal employees, and frivolous complaints should quickly be terminated.  <u>Butz v. Economou</u>, 438 U.S. 478, 507-08 (1978); <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991) (Insubstantial lawsuits against the government should be quickly terminated "to ensure that federal officials are not harassed by frivolous

lawsuits.").

The plaintiff's complaint is delusional and nonsensical. For these reasons, the plaintiff's complaint is frivolous and without merit.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the defendants respectfully request that the plaintiff's complaint be dismissed as the Court lacks subject matter jurisdiction where the pleadings are frivolous.

**II. The Plaintiff's Claims Are Barred By The Applicable Statute Of Limitations**

The plaintiff has also failed to comply with the applicable statute of limitations with respect to the vast majority of her allegations. The plaintiff filed her initial complaint in March of 2004, and filed her administrative claim in April of 2004. Her allegations, vague as they are, appear to refer to events dating back to 1995. A tort claim against the United States is barred unless an Administrative Claim is presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). Therefore, any claims arising prior to March of 2002 are barred by the statute of limitations because she did not present them within the required two-year period.

The plaintiff does not provide dates or even identify the years in which most of these alleged events occurred. She indicates that the allegations underlying the complaint began in

1995 and continued constantly since that time. Any events that occurred prior to March of 2002 cannot form the basis of a negligence claim under the FTCA because the plaintiff did not present this claim to the FBI within two years after the claim accrued. To the extent plaintiff's allegations reference incidents occurring prior to March of 2002, this court is without subject matter jurisdiction to entertain the suit. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003), *cert. denied*, 124 S.Ct. 2836 (2004).

Accordingly, the defendants respectfully request that the complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

**CONCLUSION**

The defendants respectfully request that this Court dismiss the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court lacks subject matter jurisdiction in the matter as the complaint is frivolous and many of the claims are beyond the applicable statute of limitations.

                                          Respectfully submitted,

                                          UNITED STATES OF AMERICA
                                          By its attorney,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

Dated: June 1, 2005            <u>/S/ Christopher R. Donato</u>
                                          Christopher R. Donato
                                          Assistant U.S. Attorney
                                          U.S. Attorney's Office
                                          John Joseph Moakley Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3303

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the defendants' Memorandum in Support of the Motion to Dismiss was served by first class mail, postage prepaid, upon the *pro se* plaintiff at the following address:

Colleen Marie Hardacre
113 River Pointe Way, #6209
Lawrence, MA 01843


Dated: June 1, 2005            <u>/S/ Christopher R. Donato</u>
                                          Christopher R. Donato
                                          Assistant U.S. Attorney

# Exhibit 1

Case 1:05-cv-10542-MLW    Document 9-2    Filed 06/01/2005    Page 1 of 4

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

1. Submit To Appropriate Federal Agency:

   disabled due to FBI

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)

   Colleen M. Hardacre
   57 Riveredge Rd
   Billerica, MA 01862

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH 12-6-60 | 5. MARITAL STATUS S | 6. DATE AND DAY OF ACCIDENT 1995 + on | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

   1. Illegal surveillance life violation causing extreme physical + mental harm including cardiac damage + pelvic muscle + nerve bleeding from adrenaline i.e.:
   2. false deduction harassment of me, a citizen who got a moving kit and stamps from the post office + was determined + acted upon as a "terrorist" with approx 7 years stolen of my life.
   b. investigation + harassment + other illegal abuse as listed in Complaint + Amended Compl

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Claimant

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

See attached complaint under damages

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached complaints under medical condition/damage

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Maria Hardacre | 57 Riveredge Rd Billerica MA 01862 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| See complaint | | dad - 9/11/01 | 500,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Colleen M. Hardacre | 13b. Phone number of signatory 978-667-4658 | 14. DATE OF CLAIM 4-19-04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-107   NSN 7540-00-634-4046   STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable.   PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2   NEW CASE

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes. If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

19. Do you carry public liability and property damage insurance? ☐ Yes. If yes, give name and address of insurance carrier *(Number, street, city, State, and Zip Code)* ☐ No

I am submitting this claim form to the USDOJ/FBI. I have been extensively medically & mentally damaged by the FBI & am being wilfully physically life threateningly harmed while my access to the law is & always was, by the FBI, obstructed preventing my access to confrontation with your organization & to force you to stop hurting my body, including heart & pelvis nerve damage from 4 years of contracted tone from the reckless use of tactic producing reactionary chemicals like adrenaline literally strangling my smooth muscle pelvis & heart to death for an unethical maliciously illegal false reason when challenged by legitimate law if ever possible for the FBI to stop avoiding. I estimate your agency & its tactic of fight, resist & alarm training & the consequence of a camera on me have provoked me about 1 million times per year since 1995, damaging my body with adrenaline in 1999 & done on purpose as recklessly & with as much medical & legal ignorance & false deduction as possible.

I hope this will fall into the hands of someone in the FBI with an ethic, not one of the agents assigned to me.

                                            Colleen M. Holdcau

                                            4-19-04